UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**EVELYN BRISBOIS,**

                              **Plaintiff,**

**-against-**                                        1:03-CV-1214

**UNITED STATES OF AMERICA,**

                              **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

On March 4, 2005**,** Defendant filed a motion for summary judgment seeking to dismiss this action.  The motion was noticed for this Court's April 11, 2005 motion calendar.  According to our Local Rules, opposition papers, if any, were to be filed and served by March 25, 2005.  See N.D.N.Y.L.R. 7.1(b)(1). Plaintiff did not file or serve opposition to this motion by this date.

On April 4, 2005, the Clerk's Office notified counsel that the motions would be resolved on the basis of the submissions alone. See N.D.N.Y.L.R. 7.1(h) ("In the discretion of the district court judge, a motion ...  may be disposed of without oral argument. <u>Thus, the parties should be prepared to have their motion papers serve as the sole method of argument on the motion.</u>)(emphasis added). There being no timely opposition, the motion could have been decided before the April 11, 2005 return date on the basis of only Defendant's submissions. See N.D.N.Y.L.R. 7.1(b)(3).

1

On April 11, 2005, Plaintiff's counsel wrote to the Court requesting, without explanation, that the motion be adjourned for three (3) weeks. Counsel asserts only that Defendant's counsel has no objection to the requested adjournment. While the Local Rules allow the parties to stipulate to one (1) adjournment of a motion, the pertinent Local Rule also provides that such a stipulation must be presented to the Court "[a]fter the moving party files and serves its motion papers requesting dispositive relief, <u>but before the time that opposing papers must be filed and served</u> ...." N.D.N.Y.L.R. 7.1(j). Plaintiff's April 11, 2005 letter fails to comply with this Rule.

Further, the April 11, 2005 letter, which offers no reason for the last minute "adjournment" request, fails to comply with Local Rule 7.1(b)(3). <u>See</u> N.D.N.Y.L.R. 7.1(b)(3)("The Court shall not consider any papers required under this Rule that are not timely filed or are otherwise not in compliance with this Rule <u>unless good cause is shown</u>. Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, <u>unless good cause is shown</u>.")(emphasis added). Finally, the fact that counsel's letter indicates that Plaintiff would now like to file opposition to the motion demonstrates Plaintiff's failure to comply with Local Rule 7.1(b)(1).

This Court has often expressed the preference to resolves disputes on the merits, and not on procedural default. Further, the Court does not find that the interests of justice are served by penalizing a litigant for her counsel's shortcomings. Yet, the cavalier manner in which counsel requests, at the eleventh hour, a three (3) week adjournment dictates that counsel be required to demonstrate "good cause" before the Court considers the "adjournment" request. <u>See also</u> Fed. R.

Civ. P. 6(b)(2).

Therefore, Plaintiff is **granted leave of Court** of seven (7) days from the date of this Order to demonstrate good cause why the Court should "adjourn" the pending motion and consider Plaintiff's untimely opposition papers. In this same submission, Counsel is also **Ordered to Show Cause** why sanctions should not be imposed in accordance with Local Rule 7.1(b)(3). See N.D.N.Y.L.R. 7.1(b)(3)(**"Failure to comply with this Rule may result in the Court imposing sanctions."**)(emphasis in original).

**IT IS SO ORDERED**

DATED: APRIL 12, 2005

_____
Thomas J. McAvoy
Senior, U.S. District Judge