UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**EVELYN BRISBOIS,**

           **Plaintiff,**

-against-                1:03-CV-1214

**UNITED STATES OF AMERICA,**

           **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

    Defendant moved for summary judgment and Plaintiff failed to respond to the motion in accordance with the Local Rules. See April 12, 2004 Decision and Order, dkt. # 18 . On the return date of the motion, after the case had already been called, the Court received a letter from Plaintiff's counsel, Derek J. Spada, Esq., requesting a three (3) week "adjournment" of the motion. See dkt. # 17.[1] Counsel's request was not in accordance with this Court's Local Rules, and evinced a disregard for those rules and the time requirements set thereby. See April 12, 2004 Decision and Order. dkt. # 18. His manner of proceeding also jeopardized his client's case. Id.; see N.D.N.Y.L.R. 7.1(a)(3); N.D.N.Y.L.R. 7.1(b)(3); Michalski v. The Home Depot, Inc., 225 F.3d 113, 115 (2d Cir. 2000)("We agree with those circuits that have held that FED. R. CIV. P. 56 does not impose an obligation on a

---

[1] Counsel requested an "adjournment" of the motion to May 2, 2005, which is not one of the Court's return dates.

district court to perform an independent review of the record to find proof of a factual dispute.")(citations omitted); Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 291 (2d Cir. 2000)(The Local Rules require the parties "to clarify the elements of the substantive law which remain at issue because they turn on contested facts" and the Court "is not required to consider what the parties fail to point out.")(internal quotation marks and citations omitted); Gubitosi v. Kapica, 154 F.3d 30, 31 n. 1 (2d Cir. 1998)(properly supported facts in unopposed statement of material facts deemed admitted for purposes of motion)(per curiam); Rizzo-Puccio v. College Auxiliary Services, Inc., 216 F.3d 1073 (2d Cir. 2000)(claims not addressed in opposition to defendants' motion for summary judgment were deemed abandoned); Bundy Am. Corp. v. K-Z Rental Leasing, Inc., 2001 WL 237218, at *1 (N.D.N.Y. Mar. 9, 2001)(Hurd, J.); Beers v. General Motors Corp., 1999 WL 325378, at *8 (N.D.N.Y. May 17, 1999) (McCurn, S.J.).

Not wishing to fault a litigant for her attorney's shortcomings, but wishing to enforce this Court's Local Rules so as to insure the "just. speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1; see also N.D.N.Y.L.R. 1.1(c),  the Court issued a Decision and Order that (1) granted Plaintiff leave of Court of seven (7) to demonstrate good cause why the Court should "adjourn" the pending motion and consider Plaintiff's untimely opposition papers, and (2) ordered Mr. Spada to Show Cause why sanctions should not be imposed in accordance with Local Rule 7.1(b)(3). April 12, 2005 Decision and Order, dkt. # 18.

Counsel responded on April 18, 2005 by apologizing for his conduct and stating simply that because of his "inexperience" he was not aware that there had to be a stipulation for an adjournment before his opposition papers were due. See dkt. # 20. He made no mention of why *his client's opposition papers* were not timely filed, or present any argument as to why he should not be

sanctioned in accordance with the Local Rules.  He did assert that his opposition papers would be filed the following day.

On April 19, 2005, Mr., Spada electronically filed an affidavit in opposition to the pending motion, dkt. # 21; a memorandum of law in opposition to the motion, dkt. # 22; a  Local Rule 7.1 Statement, dkt. # 23; and an attorney affirmation.  Dkt. # 24.  Mr. Spada's attorney affirmation provides:

> (2) I make this affirmation to inform the Court that I will be mailing my exhibits to the Court ...because I do not have a scanner or other means to electronically file them.
>
> (3) I respectfully request the Court to accept the exhibits by this means, and to contact me if this method is not acceptable.

Spada Affirmation, dkt. # 24, ¶¶ 2-3.

Mr. Spada's conduct is, once again, in violation of the rules and orders of this Court.

General Order 22 requires that when documents are *too lengthy* to be scanned and filed electronically, the attorney shall contact the Clerk's Office *before* an alternative method of filing is used, and seek permission for conventional filing.  See N.D.N.Y. Gen. Order 22 ¶ 4.5.  The burden is on the attorney to seek permission *before* he acts, not on the Court or the Court Clerk's Office to check counsel's work. Further, computers and scanners are available for an attorney's use in the attorney lounges in each of the United States Courthouses in Binghamton, Albany, Utica, and Syracuse.   The excuse that documents were not scanned because counsel (or his firm) does not have a scanner is unacceptable.

In the April 22, 2005 Decision and Order, the Court required counsel to demonstrate good cause for considering the late papers, and to show cause why sanctions should not be imposed,

because counsel's request for an "adjournment" demonstrated a cavalier disregard for the rules of this Court.  Although counsel has apologized and assured the Court that he would not proceed in a similar fashion, that assurance has proved meaningless.  The end result is that the Court and the Court Clerk's Office has had to devote extra time and effort to this case which takes time and attention away from *other* cases.

To avoid similar such conduct in the future, the Court finds that sanctions are warranted under Local Rule 1.1(d).  These sanctions shall require Mr. Spada's attendance at attorney education courses that may reasonably prevent his "inexperience" from unnecessarily burdening the Court, the Court Clerk's Office, and other litigants in the future.  See Gaboury v. Town of Roxbury, 1999 WL 244829, at *5 (N.D.N.Y. April 19, 1999)(McAvoy, J.)(requiring continuing legal education, in addition to monetary sanctions, for Rule 11 violation).

THEREFORE, it is hereby

**ORDERED** that the pending motion is adjourned to the Court's May 27, 2005 motion calendar, and the response and reply deadlines shall be set in accordance with the Local Rules.  And, it is further

**ORDERED** that Plaintiff's request to file documents conventionally is **DENIED**.  The Clerk's Office shall reject any documents filed conventionally in this matter unless prior approval is obtained from the Court; And, it is further,

**ORDERED, ADJUDGED AND DECREED** that Attorney Derek J. Spada's conduct warrants sanctions by this Court pursuant to N.D.N.Y.L.R. 1.1(d) for repeatedly failing to comply with the rules, general orders, orders of this Court. As a sanction, Attorney Spada shall, by August 1, 2005,

4

(1) Attend a CM/ECF training course offered by the United States Clerks' Office for the Northern District of New York. Dates for such courses are listed on the Court's public website.[2]  If counsel has already attended this course, he shall attend it again.  Counsel shall not use his certificate of completion for this course as part of his mandatory New York State continuing legal requirement.  Attendance at this course shall be in addition to any continuing legal education courses he attends or participates in as part of his New York State requirement.   And,

(2) Attend or complete a certified continuing legal education course of at least three (3) hours that deals with, or addresses, the Federal Rules of Civil Procedure and/or practice in the federal courts.  This continuing education requirement shall not count towards and shall be in excess of that required to be completed by members of the New York State Bar.

Counsel shall file proof of such attendance upon completion of each course.

**IT IS SO ORDERED**.

DATED: April 21, 2005

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] See http://www.nynd.uscourts.gov/cmecf/